UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIG PROPERTY CASUALTY COMPANY<br><br>    Plaintiff,<br>v.<br><br>NIBCO, INC.; WESTERN NEVADA SUPPLY; and DOES 1 to 25, inclusive,<br><br>    Defendants. | Case No.  2:20-CV-00197-JAM-EFB<br><br>STIPULATED PROTECTIVE ORDER<br><br>ECF No. 22 |
| NIBCO, INC. AND WESTERN NEVADA SUPPLY CO.,<br><br>    Third-Party Plaintiffs,<br>v.<br><br>MD MECHANICAL; MICHAEL DIAZ, and ROES 1 to 25, inclusive,<br><br>    Third-Party Defendants. | |

During discovery in this action, the parties to this action ("Parties") may be required to produce documents, answer interrogatories and requests for admission, or provide testimony ("Discovery Material"), that might reveal sensitive, confidential, and/or proprietary information and/or trade secrets, which should not be disclosed except in a highly restricted manner. The undersigned Parties therefore agree that:

1. The Parties shall have the right to designate as confidential certain portions of Discovery Material, provided that it concerns bona fide proprietary information. Translations, interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, briefs that quote, summarize, or contain materials entitled to protection under this Stipulated Protective Order shall be treated in accordance with the terms of this Stipulated Protective Order.

2. Any material designated as confidential (hereinafter "Confidential Material") shall have the legend "CONFIDENTIAL" placed on it in a manner obstructing the least possible amount of writing or other information on the page, and thereafter shall be treated pursuant to the provisions of this Stipulated Protective Order.

3. For Confidential Discovery Material including documents and or other files produced electronically in native format, the Producing Party shall append "CONFIDENTIAL" to the filename.

4. Confidential Material shall be used by the receiving Parties and their counsel solely for the preparation and trial of this action, and shall not be communicated at any time, in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Stipulated Protective Order.

5. Access to Confidential Material, and to the information contained therein (including transactions, extracts and summaries derived from such material), shall be restricted to the following Qualified Persons:

    a. Each Party's attorneys working on these actions, and their employees or agents working on these actions;

   b. Each Party, and its employees, officers and agents who are working on these actions and whose assistance is required in the preparation of these matters for trial;

   c. Experts, consultants, and their employees and assistants who are employed or retained by each Party or its counsel, but only if the Party retaining the experts and consultants reasonably believes the experts and consultants need the material to render such assistance, and further provided that the experts and consultants may not retain the material after that use has ended, and further provided that such experts and consultants are advised of this Stipulated Protective Order and given an opportunity to read it, and agree to treat such material in accordance with its terms;

   d. Any persons who are deposed in these actions, whether appearing voluntarily or pursuant to a validly issued notice or subpoena;

   e. Private court reporting, videotaping, and document reproduction services;

   f. The Court and its support personnel and court reporters;

   g. Any mediator selected by the Parties;

   h. The trier of fact; and

   i. Any person designated by: (i) written consent of the disclosing party (in the case of third-party testimony, by the written consent of all Parties), or (ii) by the Court in the interests of justice, upon such terms as the Court may deem proper.

6. Before making disclosure of any material to any Qualified Person under paragraphs 5(c) and (d) of this Protective Order, the Party seeking to make such disclosure shall obtain the written agreement pursuant to the form attached hereto as Exhibit "A".

7. The inadvertent failure of a Party to designate material as Confidential Material at the time of production shall not constitute a waiver of that Party's claim to confidentiality

as long as, upon discovery, it promptly designates such material as Confidential Material under the protection of this Stipulated Protective Order. The recipient of such material agrees to cooperate with the Producing Party to remedy any inadvertent disclosure including, without limitation, returning the undesignated material and all copies, wherever located, to the Disclosing Party upon receipt of replacement designated material.

8. The Parties shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and failure to do so shall not preclude a subsequent challenge to such a designation. In the event that a Party disagrees at any stage of these proceedings with another Party's designation of any material as Confidential Material, the Parties shall attempt to resolve such dispute in good faith on an informal basis, then the dispute shall be presented to the Court by motion of the party seeking confidential status. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection designated by the Producing Party. Any material as to which such a motion is made shall be treated as Confidential Material under the provisions of this Order until further order of the Court.

9. Should the designation of any document change after the initial production (as a result of inadvertent incorrect designation, agreement of the parties through the meet and confer process, or through judicial intervention) the Producing Party shall make a supplemental production of any such documents within a reasonable time following the change in designation. This production shall include the Discovery Material produced with the correct designation, that is, either containing no designation or with "CONFIDENTIAL" affixed on the document pursuant to the format described in Paragraphs 2 and 3, above

10. If a Party intends to submit to the Court a document marked as confidential either before or during trial, that Party or any other Party may request that such document be placed under seal. If the Parties agree, such request shall be presented to the Court as

a stipulated motion.  Otherwise, the request shall be presented to the Court as a contested motion.  The purpose of this provision is to avoid placing documents under seal unnecessarily.

11. Nothing in this Order shall limit a Party's right to disclose its own information and documents to any person for any purpose nor to use them for any purpose, nor does it limit a Party's right to disclose information and documents which are publicly available or available to the Party through non-confidential sources to any person for any purpose.

12. Within sixty (60) days of the termination of this litigation, including settlement or the final determination of any appeal, counsel for each Party shall return all Confidential Material and all copies, summaries, translations or excerpts thereof to counsel for the Party that produced it, or shall destroy all such materials.  Each such counsel returning or destroying Confidential Material shall certify that he or she has recovered all Confidential Material from those persons to whom such materials may have been distributed during the litigation and has returned such documents to appropriate opposing counsel or has destroyed them.  With respect to documents that are transmitted and/or saved electronically, counsel for the receiving Party shall certify that the document has been deleted.  Counsel shall further certify that neither the Party, its counsel nor its staff, has transmitted, nor will transmit, either directly or indirectly, any of the information contained within the Confidential Materials to any other person, party, or entity other those listed in Paragraph 4 above.

13. In the event that any recipient of any material covered hereunder is served with a subpoena, document request, or other request for production in another action, such recipient shall advise that the material was produced, and is still subject to, a protective order, and immediately notify counsel for the Producing Party (and in the case of third-party testimony, shall immediately notify counsel for all Parties).  The Receiving Party shall not oppose the Producing Party's effort to seek appropriate relief and shall cooperate in good faith with the Producing Party's effort to intervene

in the proceeding, quash the subpoena, or other reasonable action to seek appropriate relief.

14. This Stipulated Protective Order shall survive the termination of this litigation and the Court shall retain jurisdiction over the Parties and their attorneys, agents, and employees to enforce the provisions hereof.

15. Nothing contained in this Stipulated Protective Order, and no action taken pursuant to it, shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of the material covered by it.

16. This Stipulated Protective Order represents a valid and binding agreement of the Parties effective as of the date executed by their authorized representatives.

AGREED by and among the Parties, by and through their duly authorized representatives, intending to be legally bound.

Dated:  July 8, 2021              GROTEFELD HOFFMANN LLP

                                  By:  */s/ David Kestenbaum* (as authorized on 7/8/2021)
                                       DAVID KESTENBAUM
                                       Attorneys for Plaintiff AIG

Dated:  July 8, 2021              THE RYAN LAW GROUP

                                  By:  */s/ Rebekka R. Martorano*
                                       TIMOTHY J. RYAN
                                       REBEKKA R. MARTORANO
                                       Attorneys for Defendants and Third-Party
                                       Plaintiffs NIBCO, INC. and WESTERN
                                       NEVADA SUPPLY CO

Dated: July 8, 2021        TYSON & MENDES, LLP

By:   /s/ *Wilson Yurek*  (as authorized on 7/8/2021)
         WILSON YUREK
         Attorneys for Third-Party Defendants and Plaintiffs
         in Counterclaim MD Mechanical and Michael Diaz

### ORDER

Pursuant to the stipulation of the parties above, it is so ordered.

IT IS SO ORDERED.

Dated:   July 21, 2021                    _____
                                          JEREMY D. PETERSON
                                          UNITED STATES MAGISTRATE JUDGE

**EXHIBIT "A"**

To

**STIPULATED PROTECTIVE ORDER**

<u>AIG PROPERTY CASUALTY COMPANY V. NIBCO, INC.</u>

U.S. District Court Eastern District of California

Case No.  2:20-CV-00197-JAM-EFB

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

    I hereby acknowledge that I have received a copy of the Stipulated Protective Order, have read the same, and agree to be bound by all of the provisions thereof.

Dated: _____  _____